CALLAHAN, Circuit Judge,
concurring in part, and dissenting in part:
While I agree with the majority on all other counts, I would affirm White’s conviction for conspiracy to distribute controlled substances. In my view, the district court did not abuse its discretion in declining to provide a Sears instruction. I read United States v. Montgomery, 150 F.3d 983, 996-97 (9th Cir.1998), as implicitly holding that a Sears instruction is not required when there is overwhelming evidence of a drug conspiracy with non-governmental conspirators.[1]
Here, there was abundant evidence that White was a high-ranking, senior member of the Pueblo Bishops criminal street gang, and that one of the gang’s primary purposes was to control drug sales in the Pueblo Bishops Housing Projects. The government produced evidence of hundreds of drug transactions conducted by PBB members, and that White knew and approved of these drug sales by his position in the PBB and by encouraging other PBB members to protect the gang’s drug selling territory. In light of this evidence, the district court did not err in finding that there was an insufficient evidentiary foundation to require a Sears instruction.
The jury’s drug quantity finding does not imply that it found White conspired only with the government informant. Rather, the more compelling inference is that the jury accepted the overwhelming evidence of White’s conspiracy with PBB members to sell drugs in the Housing Project, including, but not limited to, the two *897 sales to the' confidential informant, but only found the drug quantities of those two sales were proven beyond a reasonable doubt. The quantity finding does not negate evidence of the conspiracy between PBB gang members to distribute drugs.
We have not held that a Sears instruction is required, per se, in every conspiracy case in which á government informant is present. But following the majority’s approach, when would a district court ever have the discretion to deny a request for a Sears instruction when the alleged conspiracy involves a government informant?
District courts are frequently bombarded with proposed jury instructions with little time for research. Accordingly, we afford district courts considerable deference in determining whether a jury instruction has sufficient evidentiary foundation. United States v. Daane, 475 F.3d 1114, 1119 (9th Cir.2007). This is the precise instance in which, as an appellate court, we should defer to the discretion of a district court. Here, the district court spent over one-hundred hours with defense counsel presiding over this trial, presiding over other co-defendants’ trials, and conducting other related proceedings. The district court was well aware of the facts alleged and the theory of defense. I would hold that the district court did not abuse its discretion in declining to give a Sears instruction.
I respectfully dissent.

. Despite the differences in posture, Montgomery is instructive. On appellate review in Montgomery, we considered " 'whether the case presented at trial support[ed] giving an instruction based on a particular theory of defense.’ ” Id. at 996 (quoting United States v. Span, 970 F.2d 573, 578 (9th Cir.1992)). In holding that the defendant did not rely on a Sears-type defense theory at trial, we stated: "Montgomery asks this court to consider the possibility that the jury could have disbelieved every shred of evidence presented at trial except for [his conversations with the government informant] and concluded that Montgomery had conspired to manufacture, distribute, and import methamphetamine solely with [the government informant].” Id. Thus, in reaching its holding that a Sears instruction was not required, we reflected on the paucity of evidence suggesting that the defendant conspired only with the government agent. We should reflect here as well.